**Advertisement of Fictitious Names Amendments**

HARRY L. ROSSI, Deputy Attorney General, THOMAS D. MCBRIDE, Attorney General, December 20, 1957.— You have asked to be advised whether the Fictitious Name Act of May 24, 1945, P. L. 967, amended by Act of June 5, 1957, P. L. 258 (Act no. 126), 54 PS §§28.1-28.13, requires advertising whenever an original fictitious registration certificate is amended (1) merely to add names of additional parties in interest, or (2) both to add names of additional parties in interest and to delete names of former parties in interest in cases where there has been no change in the business name. Section 6.1, added by the 1957 Act, provides as follows:

"Any person conducting or carrying on any business in the Commonwealth in compliance with the provisions of this act, shall, for the purpose of adding the names of additional parties in interest or for the purpose of adding the names of additional parties in interest and deleting the name or names of former parties in interest where no change of the business name is involved, amend their original certificate by filing with the Secretary of the Commonwealth and the prothonotary an application for an amended certificate listing the names and addresses of the new parties in interest and the names and addresses of former parties in interest where former parties have been deleted. The Secretary of the Commonwealth and the prothonotary shall each issue an amended certificate to the applicant. The secretary shall charge a fee of five dollars ($5.00) for his services. The prothonotary shall charge a fee of five dollars and twenty-five cents ($5.25) for his services."

You will note that where the purpose of the amendment is to accomplish either (1) or (2) above, section 6.1 merely requires the applicant to amend the original certificate by filing an application for an amended

certificate with the Secretary of the Commonwealth and the prothonotary. The application is to include, of course, the names and addresses of the new parties in interest and the names and addresses of former parties in interest where former parties have been deleted. Nowhere in section 6.1 does any statement appear which requires the submission of proof of advertisement by an applicant.

It is unquestioned that section 3 of the Fictitious Name Act, 54 PS §28.3, requires the submission of proofs of advertisement where an original application of registration is submitted to the Office of the Secretary of the Commonwealth and the office of the prothonotary. However, no advertisement is necessary where an applicant seeks to dissolve a business or withdraw as a party in interest therefrom, and an application for such purposes is filed with the Secretary of the Commonwealth and the prothonotary in accordance with section 7 of said act: 54 PS §28.7.

Prior to Act No. 126, an original application for registration could not be amended by adding the name of a party in interest, or adding the name of a party in interest and deleting the name of a former party in interest, unless the original application was withdrawn in accordance with the provisions of section 7 and a new application was filed under section 3. The purpose of Act No. 126 was to avoid the unwarranted burdensome and expensive procedure where an applicant sought merely to add or add and delete the names of parties in interest, there being no accompanying change of the business name.

It is clear that the Fictitious Name Act, supra, must be strictly construed since the act is a penal statute: Wolf v. William Goldman Theatres, Inc., 26 D. & C. 616 (1936). If we are to conclude that Act No. 126 requires advertisement for the purposes set forth

therein, we must base our conclusion on a clearly manifested legislative intention. No such intent appears in the act.

Indeed, it is interesting to note that prior to the passage of Act No. 126, House Bill No. 558, then printer's no. 257 (which ultimately became Act No. 126), contained a proposed amendment to section 3 which would have required advertisement in cases where an application was filed under section 6.1. The final printer's number (414), however, omitted from the bill the proposed amendment to section 3 and deleted in section 6.1 the reference therein requiring proofs of publication as provided in section 3.

The purpose of the Fictitious Name Act is to protect the public against imposition and fraud and to prohibit persons from concealing their identity by doing business under an assumed name. The inquiring public remains protected by the provisions of Act No. 126 without imposing unjustified burdensome and expensive procedures upon applicants thereunder. Public records will disclose the identity of all persons doing business under an assumed name. The additional requirement of advertisement would not, as a practical matter, further the purpose aforesaid.

We are of the opinion, and you are accordingly advised, that the Act of May 24, 1945, P. L. 967, as amended by Act No. 126 of the 1957 session, does not require advertisement where an application is filed with the Secretary of the Commonwealth and the prothonotary for the purpose of amending an original certificate of registration under the Fictitious Name Act, supra, by either adding the names of additional parties in interest or adding the names of additional parties in interest and deleting the name or names of former parties in interest where there is no change in the business name.